IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nicholas Schweitzer,             Case No. 3:08 CV 2250

    Petitioner,            MEMORANDUM OPINION
                                    AND ORDER
-vs-
           JUDGE JACK ZOUHARY
Jesse Williams,

    Respondent.

## INTRODUCTION

Petitioner Nicholas Schweitzer filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). The case was referred to United States Magistrate Judge Greg White for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). The Magistrate Judge recommended the Petition be dismissed (Doc. No. 9).

Petitioner filed an Objection (Doc. No. 10) to the R&R, reasserting four grounds for relief: (1) The Ohio court of appeals acted contrary to clearly established federal law in holding that the retroactive elimination of the statutory elements of a criminal offense did not violate Petitioner's rights under the United States Constitution; (2) the decision of the Ohio court of appeals in Petitioner's case, and the decision of the Ohio Supreme Court in *Foster*, 109 Ohio St. 3d 1 (2006), on which the court of appeals relied, were objectively unreasonable applications of *United States v. Booker*, 543 U.S. 220 (2005); (3) the Ohio court of appeals applied *Rogers v. Tennessee*, 532 U.S. 451 (2001), in an objectively unreasonable manner in upholding the retroactive application of *Foster* to

Petitioner's case; and (4) the Ohio court of appeals rendered an objectively unreasonable decision in refusing to extend the direct application of the Ex Post Facto Clause to a context where it clearly should have been controlling.

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings. For the reasons below, the Court adopts the Magistrate's R&R in its entirety and denies the petition.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the record (Doc. No. 9, pp. 1-7). In 2004, Petitioner was sentenced to eight years for aggravated burglary and seven years for felonious assault, to be served consecutively, as well as eleven months for possession of criminal tools, to be served concurrently. In 2006, in light of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1 (2006), Petitioner was re-sentenced to these same terms of incarceration. Petitioner now argues the re-sentencing was erroneous.

## ANALYSIS

Under 28 U.S.C. § 2254(d)(1), a federal habeas court may grant the writ only if a state court arrives at a conclusion that is "contrary to" or an "unreasonable application of" clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner's Objection to the R&R merely rehashes his initial arguments. The R&R thoroughly analyzed Petitioner's claims and correctly concluded that he did not meet the standards for habeas relief.

This Court further notes that Petitioner's arguments have previously been rejected by federal courts reviewing habeas claims by Ohio prisoners. *See, e.g.*, *Newsome v. Brunsman*, No. 1:08 CV 1938, 2010 WL 319792, at * 2-3 (N.D. Ohio Jan. 20, 2010) (rejecting a claim that *Foster* altered

substantial rights in violation of ex post facto prohibitions); *Ross v. Kelley*, No. 5:08 CV 2889, 2009 WL 3208668, at *24-34 (N.D. Ohio Oct. 5, 2009) (rejecting objections identical to Petitioner's arguments here); *Keith v. Voorhies*, No. 1:06 CV 2360, 2009 WL 185765, at *11 (N.D. Ohio Jan. 23, 2009) (finding the remedy provided in *Foster* very similar to the remedy provided in *Booker*, and rejecting an ex post facto challenge to the retroactive application of *Foster*).

## CONCLUSION

This Court adopts the Magistrate's R&R and denies the Petition for Writ of Habeas Corpus (Doc. No. 1).

Further, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

                                              February 19, 2010